ZAID A. MUTHALA MOHAMED AND SHARY F. H. MOHAMED, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Mohamed v. Commissioner
Docket No. 44308-85.
United States Tax Court
T.C. Memo 1987-132; 1987 Tax Ct. Memo LEXIS 126; 53 T.C.M. (CCH) 339; T.C.M. (RIA) 87132; March 11, 1987. Clyde R. Maxwell and Russell P. Briesacker, for the petitioners. James Kamman and Pamela G. Bourette, for the respondent. CLAPP
MEMORANDUM OPINION CLAPP, Judge: Respondent determined a deficiency in petitioners' 1982 Federal income tax in the amount of $2,910.00. This case is before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction on the ground that the petition herein was not timely filed. The issue is whether petitioners were entitled to file their petition within 150 days after the notice of deficiency was mailed. Petitioners had a *127 legal residence in Anaheim, California at the time they filed their petition in this case. On July 26, 1985, respondent mailed a joint notice of deficiency to petitioners. On that date, petitioner Zaid A. Muthala Mohamed, a merchant marine who is frequently out of the country on an ocean-going vessel, was in Tijuana, Mexico. [1] On August 3, 1985, Zaid A. Muthala Mohamed went to sea and did not return until November 13, 1985. On December 12, 1985, petitioners filed with this Court a joint petition which stated that both petitioners were outside the United States at the time the notice of deficiency was mailed. On April 8, 1986, petitioners filed a document which stated that petitioner husband visited his "family" in Arabia in March, 1983 and planned to visit his "family" in Arabia again in April, 1986. On May 16, 1986, petitioners filed a document which stated that petitioner wife lives in Arabia. Respondent, on January 13, 1986, filed the motion now before us on the ground that petitioners did not file their petition within the 90-day period prescribed by section 6213. [2]
*128 On May 20, 1986, we heard respondent's motion in Pasadena, California. Petitioners were unable to attend the hearing and filed a "Statement in lieu of Appearance" pursuant to Rule 50(c). On December 19, 1986, petitioners filed, pursuant to our Order dated October 29, 1986, an affidavit which was signed by Kassem Mosse Nasser and sworn to under the penalties of perjury. In said affidavit, Kassem Mosse Nasser declared, inter alia, that during 1984 and 1985, Shary F. H. Mohamed lived in Arabia and that Zaid A. Muthala Mohamed shared a residence with him in the United States. He further declared that to the best of his knowledge, Shary F. H. Mohamed was not present in the United States in 1984 or 1985. On January 20, 1987, respondent filed a response to the affidavit which petitioners filed. Said response objected to the affidavit on the grounds of hearsay, and included an affidavit by one of respondent's district counsel which stated the following: * * * 4. In discussing the case, and scheduled hearing, with petitioners' counsel, it is my recollection that petitioners' counsel indicated that petitioner Shary F. H. Mohamed was living with friends in Anaheim, California, at the *129 time the notice of deficiency was mailed. * * * Section 6213(a) in relevant part provides: (a) Time for Filing Petition and Restriction on Assessment. -- Within 90 days, or 150 days if the notice is addressed to a person outside the United States, after the notice of deficiency authorized in section 6212 is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day), the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. * * * On January 27, 1987, petitioners filed, inter alia, an affidavit which was signed by petitioner Zaid A. Muthala Mohamed and sworn to under the penalties of perjury. In said affidavit, Zaid A. Muthala Mohamed declared that throughout 1985 Shary F. H. Mohamed was in Arabia and was not present in the United States. On February 6, 1987, respondent filed a notice of intent not to file a reply. In , we held that if one spouse was outside the United States at the time a joint notice of deficiency was mailed, both spouses would have 150 days within which to file a petition with this Court. Based on the documents *130 filed prior to the hearing, petitioner Zaid A. Muthala Mohamed's affidavit and Kassem Mosse Nasser's affidavit, we conclude that Shary F. H. Mohamed was in Arabia on, and for a prolonged period before and after, July 26, 1985, the date the joint notice of deficiency was mailed. Accordingly, petitioners had 150 days within which to file their petition. See Petitioners filed their petition on December 12, 1985, 139 days after the notice of deficiency was mailed, and, therefore, it was timely filed. An appropriate order will be issued.
Footnotes
1. The record does not reveal how long petitioner Zaid A. Muthala Mohamed was in Tijuana.↩
2. All section references are to the Internal Revenue Code of 1954 as amended and all Rule references are to the Tax Court Rules of Practice and Procedure.↩